IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

| | |
|---|---|
| DANIEL EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>LUXURY POOLS AND HARDSCAPES 4, LLC d/b/a PREMIER POOLS & SPAS – FT MYERS FL,<br><br>Defendant. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DANIEL EDWARDS ("Plaintiff"), sues Defendant, LUXURY POOLS AND HARDSCAPES 4, LLC, d/b/a PREMIER POOLS AND SPAS - FT MYERS FL ("Defendant"), and alleges:

**PARTIES JURISDICTION AND VENUE**

1. This is an action for breach of contract arising out of a written Offer of Employment executed on August 27, 2024.

2. This is an action for damages in excess of $50,000, exclusive of costs, interest, and attorney fees.

3. Plaintiff Daniel Edwards is an individual who resides in Lee County, Florida.

4. Defendant Luxury Pools and Hardscapes 4, LLC is a Florida limited liability company doing business in Lee County, Florida, as Premier Pools and Spas – Ft. Myers FL, with a business location at 11000 Metro Parkway, Suite 27, Fort Myers, Florida 33966.

5. Venue is proper in Lee County because Defendant operates its Fort Myers business location in Lee County, Plaintiff performed substantial work under the Agreement through that location, and Defendant's failure to pay Plaintiff occurred in this County.

6. All conditions precedent to bringing this action have been performed or have occurred.

**STATEMENT OF FACTS**

7. On or about August 27, 2024, Plaintiff accepted Defendant's written offer of employment for a sales position, with an anticipated start date of September 2, 2024 (the "Agreement"). A true and correct copy of the Agreement is attached as **Exhibit "A"**.

8. Under the Agreement, Plaintiff's compensation consisted of a weekly draw of $750 against future commissions and a sales commission equal to 5.5% of the gross sales attributable to the projects he sold, payable at the dig and completion stages.

9. Plaintiff performed his obligations under the Agreement, namely generating sales for pool and hardscape projects for Defendant.

10. In or around late March 2026, Defendant disabled Plaintiff's company phone and computer and told him that the company intended to end his employment.

11. The next day, Defendant restored Plaintiff's access and instructed him to return to work. Plaintiff continued performing sales for Defendant.

12. Defendant nevertheless stopped paying Plaintiff's weekly draw without explanation, even though Plaintiff had not fallen behind on his commission account.

13. During his employment, Plaintiff incurred $274.14 in business expenses on Defendant's behalf and for Defendant's benefit. Defendant accepted the benefit of those expenditures but failed to reimburse Plaintiff.

14. Plaintiff repeatedly requested the compensation and reimbursement due to him. After Plaintiff advised that he could not continue working without being paid, Defendant terminated his employment.

15. Before his employment ended, Plaintiff procured sales and performed the work necessary to earn commissions.

16. Defendant has failed and refused to pay Plaintiff commissions earned through his substantial sales efforts, despite having accepted and benefited from those sales.

17. The following are the jobs Plaintiff sold, and Defendant failed to pay Plaintiff the agreed upon commission:

**Earned Commissions on Completed Projects**

| **Project** | **Commission Owed** |
|---|---|
| Milanes | $4,537.00 |
| Loucks | $4,875.00 |
| Monette | $4,400.00 |
| Bonamo | $1,925.00 |
| Luango | $3,300.00 |
| **SUBTOTAL** | **$19,037.00** |

**Earned Commissions on Projects Sold Prior to Termination**

| **Project** | **Commission Owed** |
|---|---|
| Bull | $8,030.00 |
| Dahl | $6,375.00 |
| Symdon | $7,707.00 |
| Cook | $3,850.00 |
| Chocowski | $7,700.00 |
| Phillips | $2,475.00 |
| Lorenzo | $4,950.00 |
| **SUBTOTAL** | **$41,087.00** |

**Additional Earned Compensation**

| **Description** | **Amount Owed** |
|---|---|
| Loucks Waterfall Project | $6,705.00 |
| Unreimbursed business expenses | $274.14 |
| **SUBTOTAL** | **$6,979.14** |

**Total Amount Due**

| **Description** | **Amount Owed** |
|---|---|
| Completed Project Commissions | $19,037.00 |
| Sold Project Commissions | $41,087.00 |
| Additional Earned Compensation | $6,979.14 |
| **SUBTOTAL** | **$67,103.14** |

18. Plaintiff earned commissions on the foregoing projects by procuring the sales during his employment. Defendant accepted and retained the benefit of those sales but failed to pay Plaintiff the commissions due under the Agreement.

**COUNT I**
**BREACH OF CONTRACT**

19. Plaintiff realleges paragraphs 1 through 18 as though fully set forth herein.

20. The Agreement is a valid and enforceable contract.

21. Plaintiff materially performed his obligations under the Agreement or was excused from further performance by Defendant's conduct and termination of his employment.

22. Defendant materially breached the Agreement by, among other things, failing to pay Plaintiff his earned commissions.

23. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages presently calculated at $67,103.14, exclusive of prejudgment interest, attorney's fees, and costs.

WHEREFORE, Plaintiff Daniel Edwards requests that the Court enter judgment against Defendant for unpaid commissions, attorney's fees and costs under Fla. Stat. § 448.08, any other or further relief the Court may deem proper.

**COUNT II**
**UNJUST ENRICHMENT**
**(PLEADED IN THE ALTERNATIVE)**

24. Plaintiff realleges paragraphs 1 through 18 as though fully set forth herein.

25. Plaintiff conferred a substantial benefit upon Defendant through his work in procuring sales of pools and hardscapes, which generated significant revenue and profit for Defendant.

26. Defendant would not have realized the significant sales and profits without the efforts of Plaintiff.

27. Defendant had complete knowledge of and appreciated the benefit conferred by the Plaintiff. Defendant knowingly accepted the benefit conferred by Plaintiff and the resulting substantial sales orders.

28. The circumstances are such that it would be unjust and inequitable for Defendant to retain the benefit conferred without paying any commission to the Plaintiff.

29. Defendant owes Plaintiff money due for the benefit of procuring sales for Defendant.

30. Defendant's retention of the benefit is inequitable unless it pays Plaintiff the value of the benefit conferred.

WHEREFORE, Plaintiff Daniel Edwards requests that the Court enter judgment against Defendant for unpaid commissions, attorney's fees and costs under Fla. Stat. § 448.08, any other or further relief the Court may deem proper.

**DEMAND FOR ATTORNEY'S FEES**

Plaintiff demands attorney's fees and costs under Fla. Stat. § 448.08.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017

**Luxury Pools and Hardscapes 4, LLC**
**Employment Offer Letter**

Monday, August ~~26~~, 2024

Dan Edwards

Dear Dan,

Luxury Pools and Hardscapes 4, LLC. is pleased to offer you the position of sales. We feel that your skills and background will be valuable assets to our team and hope that you will join us for a long-term career. We anticipate you starting on 09/2/24. If that date doesn't work, please let us know.

The details of the offer are as follows:

- Base Salary Paid on Future Commissions - $750 weekly.
- (First Month Draw is Forgiven)
  - Note this Salary is drawn on future commissions and is not to be construed as an addition to the commission structure below.
- Commission & Bonus Structure:
  - Sales Commission:
    - 5.5% of Gross Sales(Paid at Dig and Completion)
    - Sales & Dig Goals will be established for each performance period by the Territory Manager.
- Phone – You will be provided a Company Phone.
- Computer – You will be provided a company computer.
- 401K – waiting period to join will apply.
- Health Insurance – United Healthcare Health Plan, company contribution is 65% of employee's monthly premium.
- Dental/Vision – UHC plans are offered on an employer paid basis
- 2 weeks paid time off, after 90 days of employment.

**The benefits list above are subject to change.*

**This employment will require remote and virtual work at times and access to internet in home or remote workspace is the responsibility of the employee.* DE 08/27/24

**EXHIBIT "A"**

Premier Pools & Spas

You or the company may terminate the employment relationship at any time. Your employment shall be deemedas voluntary in nature and shall be considered employment at will and both parties acknowledge and agree employment is not set for any specific duration of time.

If you choose to accept our offer of employment and are in agreement with the terms above, please sign the space provided below and return a copy to us. We look forward to welcoming you as a new employee at Luxury Pools & Hardscapes. If you have any questions regarding this offer, please contact Lee Harris, Territory Manager

Please confirm acceptance of this letter by 08/27/24 as to when this offer becomes void.

Sincerely,

Jason Keltner

I accept this offer and its accompanying benefits.

Signature Daniel J Edwards

Date Signed 8/27/24

Date Effective to Start 9/2/24